UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RONNIE BOONE, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case number 4:06cv0502 DJS |
| | ) TCM |
| JAMES PURKETT, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The 28 U.S.C. § 2254 petition of Ronnie Boone ("Petitioner"), a Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge for a review and a recommended disposition. See 28 U.S.C. § 636(b).

### Background

In July 2003, Petitioner was indicted in Case No. 03CR-3084 in St. Louis County, Missouri, with twelve felonies: one count of unlawful use of a weapon; two counts of felonious restraint; two counts of first degree robbery; one count of second degree robbery; one count of sexual abuse; one count of kidnapping; three counts of armed criminal action; and one count of escape from custody. (Resp. Ex. A at 6-10.) All but the escape charge concerned events that occurred the morning of May 31, 2003. (Id.)

The next month, Petitioner was indicted in Case No. 03CR-3723 in St. Louis County for one felony, second degree robbery, and two misdemeanors, resisting arrest and third degree assault. (Id. at 33-34.) The underlying events occurred the morning of June 15. (Id.)

In September, an additional charge of being a persistent offender was added to the first case. (Id. at 12-16.) Petitioner had pled guilty to one felony in 1986 and to another in 2001. (Id. at 16.)

After being continued three times, trial in both cases was set for July 12, 2004. (Id. at 2-3.) That morning, Petitioner changed his plea to guilty to all charges. (Id. at 19-20, 37-38.) His was an Alford[1] plea and was not pursuant to any plea negotiations. (Id. at 40.)

Asked by the court to summarize what the State would prove if the case went to trial, the prosecutor explained that the charges in Case No. 03CR-3723 were based on Petitioner robbing a woman of her coin purse, being chased by a man who saw the robbery, and being apprehended by a police officer who saw the pursuit. (Id. at 41.) Other witnesses included a woman who saw the robbery and retrieved the purse from where she had seen Petitioner throw it and from a police officer who took a confession from Petitioner after giving him his Miranda[2] rights. (Id. at 41-42.)

The prosecutor next explained that the charges in Case No. 03CR-3084 were based on Petitioner being admitted into two women's home after asking to use the restroom, then assaulting both, groping the younger woman, taking a wedding ring from the older woman,

---

[1] North Carolina v. Alford, 400 U.S. 25 (1970).

[2] Miranda v. Arizona, 384 U.S. 436 (1964).

dragging the younger woman around the house while looking for valuable items to steal, forcing her outside with the intent of having her accompany him to an ATM to use her bank card, and, after she ran to a neighbor's house, driving off in her car. (Id. at 42.) He accomplished these acts by threatening both women with a pair of scissors. (Id.) After being arrested on these charges and in custody, Petitioner escaped and was not apprehended until he robbed a woman of her coin purse. (Id. at 43.) The two women in the first case were prepared to testify against Petitioner. (Id.)

Asked by the court if he understood that the consequences of an Alford plea were the same as a "straight guilty plea," Petitioner, under oath, replied that he did. (Id.) Asked if he thought that if he went to trial he would be found guilty, Petitioner replied that he thought he would be found guilty of some of the charges but not all. (Id.) Regardless, he thought it was in his best interests to plead guilty to all the charges. (Id. at 43-44.) He understood the range of punishment for each charge, including the possible life imprisonment sentences on the first degree robbery and armed criminal action charges. (Id. at 44.) No one had made him any promises of any particular sentence; however, his trial counsel had told him that the State's offer was thirty years for both cases and he hoped to get less than that if he "plead[ed] blind." (Id. at 44-45.) His trial counsel had not made him any promises, and he understood that the court had made no promises. (Id. at 45.)

Having been told by Petitioner that he wished to proceed with his plea, the court then inquired about his satisfaction with his trial counsel's performance. (Id. at 45.) She had done all he had asked her to do, had answered all his questions, had sufficiently discussed his

cases with him, had not done anything he had asked her not to do, had satisfactorily investigated his cases, had advised him about all aspects of his cases, and had "adequately, completely and effectively represented [him] in [his] defense to these charges." (Id.) He had no complaints or criticisms of her. (Id.)

The court next inquired about his understanding of the rights he was waiving by pleading guilty. (Id.) He understood he had a right to trial by jury, to be presumed innocent and have the State prove his guilt beyond a reasonable doubt, to decide whether to testify, to have twelve jurors unanimously agree on his guilt, to cross-examine the witnesses against him, to present a defense if he choose, and to appeal a guilty verdict. (Id. at 45-46.) He was pleading guilty because he believed that the State had substantial evidence against him and it was in his best interest to so plead. (Id. at 46.)

A presentence investigation report was ordered. (Id.) The next month, Petitioner appeared for sentencing. (Id.) Asked by his trial counsel if he had anything to say, he apologized, explained he had been under the influence of drugs, said he was not guilty as charged but did have some involvement, and asked for leniency. (Id. at 47.) The court sentenced him to an aggregate term of twenty-seven years imprisonment. (Id. at 47-48.) Asked again about his satisfaction with the performance of his trial counsel, he said he gave her the names of two witnesses and was told on one occasion that she had contacted them and on another that she had not. (Id. at 49.) Also, the victims' statements had differed between the police reports and the depositions and he was not sure if trial counsel had brought that to the attention of the court and the prosecutor as he had asked. (Id.) And, he

did not understand why he was going to trial on the charges in the smaller case that he had confessed to and did not find out he was going to be doing so until the day he was to go to trial on the larger case. (Id.) The court found no probable cause to believe that Petitioner had not received the effective assistance of trial counsel. (Id.)

Two months later, Petitioner filed a motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 24.035. (Id. at 53-60.) The motion, amended by appointed counsel, raised one ground for relief: "[Petitioner] was denied effective assistance of counsel and due process of law in that his guilty pleas were made involuntarily, unknowingly, and unintelligently because counsel incorrectly advised him that he had to enter pleas of guilty to all pending charges in both Causes Nos. 03CR-3084 and 03CR-3723 and could not plead guilty only to the offenses in Cause No. 03CR-3723." (Id. at 69-70.) This claim was denied without an evidentiary hearing. (Id. at 79-85.) The court found that the claim was "clearly refuted" by the record, including the court's exchange with Petitioner about his contention that he would not be found guilty of all the charges followed by a discussion of his satisfaction with his attorney's services, his understanding of the rights he would be waiving, and his belief it was in his best interests to plead guilty. (Id. at 82-83.)

Petitioner appealed, raising this same one claim. (Id. at 88-89; Resp. Ex. B.) The appellate court found, in relevant part, that:

> Here, the record clearly refutes any reasonable basis for [Petitioner's] alleged belief that he must plead guilty in two separate cases in order to plead guilty in one case. The court meticulously advised [Petitioner] of his right to

> a jury trial in each separate case. The State separately summarized the evidence it would present in each case. [Petitioner] admitted a substantial likelihood of conviction existed in each case. [Petitioner] repeatedly stated that it was in his best interest to plead guilty in each case. In view of the court's detailed inquires of [Petitioner] and his responses at the plea proceeding, we find it unreasonable to conclude that [Petitioner] could genuinely have believed he must plead guilty to twelve felonies charged in one case in order to avoid a trial on one felony and two misdemeanors charged in a separate case.

(Resp. Ex. D at 7-8.)

Petitioner now presents this same claim as a basis for federal habeas relief. Respondent contends that it is without merit.

## Discussion

Title 28 U.S.C. § 2254(d) mandates that a federal court "not grant habeas relief on a claim that was adjudicated on the merits in state court unless 'it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" **James v. Bowersox**, 187 F.3d 866, 869 (8th Cir. 1999) (quoting § 2254(d)(1)), or it "'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,'" **Evans v. Rogerson**, 223 F.3d 869, 871 (8th Cir. 2000) (quoting § 2254(d)(2)). See also **Weaver v. Bowersox**, 241 F.3d 1024, 1029 (8th Cir. 2001) ("Section 2254(d) distinguishes between two types of erroneous decisions – those of law and those of fact[.]").

"The Supreme Court has identified two ways in which a state court decision may meet the requirements imposed by the 'unreasonable application' prong of section 2254(d)(1)." **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008). First, the "court may grant the writ if the state court . . . 'applie[d] a rule that contradicts the governing law set forth in [Supreme Court] cases . . . .'" **Id.** (quoting Penry v. Johnson, 532 U.S. 782, 792 (2001)) (second and third alterations in original). Second, the court may grant the writ if the state court "'confront[ed] a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrive[d] at a result different from [the Court's] precedent.'" **Id.** (quoting Penry, 532 U.S. at 792). "'Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require awareness of [the Court's] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.'" **Id.** (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

A state court decision may meet the "unreasonable determination of the facts in light of the evidence presented in the state court proceedings" standard of § 2254(d)(2) "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." **Ryan v. Clarke**, 387 F.3d 785, 790 (8th Cir. 2004).

And, "'[t]o the extent that inferior federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness . . . of the state court's treatment of the contested issue.'" **Copeland v. Washington**, 232 F.3d 969, 974 (8th Cir. 2000) (quoting Long v. Humphrey, 184 F.3d 758, 761 (8th Cir. 1999)) (alterations in

original). Additionally, "the [state courts'] 'summary nature' of the discussion of [a] federal constitutional question does not preclude application of [2254(d)'s] standard." **Brown v. Luebbers**, 371 F.3d 458, 462 (8th Cir. 2004).

The state courts found that Petitioner failed to show that the performance of his trial counsel was deficient and that he was prejudiced by her performance.

It is well established that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann[ v. Richardson, 397 U.S. 759 (1970)].'" **Hill v. Lockhart**, 474 U.S. 52, 56-57 (1985) (quoting Tolett v. Henderson, 411 U.S. 258, 267 (1970)). Consequently, to obtain habeas relief Petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that he would not have pleaded guilty to the two cases and would have insisted on going to trial but for that deficient performance. See **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001); **Witherspoon v. Purkett**, 210 F.3d 901, 903 (8th Cir. 2000). And, "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" **Nguyen v. United States**, 114 F.3d 699, 704 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). "The prejudice inquiry in such cases 'focuses on whether counsel's constitutionally ineffective performance

affected the outcome of the *plea process*.'" **Wanatee v. Ault**, 259 F.3d 700, 703 (8th Cir. 2001) (quoting Hill, 474 U.S. at 59).

Petitioner argues that he was denied the effective assistance of counsel when counsel incorrectly advised him to enter pleas of guilty to both cases and that he could not plead guilty only to the offenses charged in Case No. 03CR-3723. Petitioner has not shown, and cannot, that he was prejudiced by this alleged error.

As noted by the state appellate court, the trial court inquired extensively into Petitioner's satisfaction with his attorney's performance and his understanding of the rights he was waiving by pleading guilty to both *cases*. This inquiry was after the prosecutor outlined the evidence the State intended to produce on each case. Petitioner, under oath, stated that he was pleading guilty because he believed it was in his best interest to do so. It was not until the sentencing hearing that Petitioner raised the issue of not understanding that he was scheduled to go to trial on both cases until the day he appeared for trial on the "larger case." (Resp. Ex. at 49.) This case is Case No. 03CR-3084. The "smaller" case, the case he confessed to, is Case No. 03CR-37234. Petitioner argues trial counsel told him that he had to plead guilty to both cases and not just to Case No. 03CR-3723.

Petitioner did not raise the issue of this erroneous advice during the change of plea hearing. He now argues that he did not do so because he was told by his trial counsel to say "yes" to the court's questions. This present allegation contradicts his statements under oath that he was changing his plea because it was in his best interests and that he had no quarrel

with his attorney's performance. "Solemn declarations in open court carry a strong presumption of verity[,]" **Blackledge v. Allison**, 431 U.S. 63, 74 (1977); thus, it is a heavy burden to overcome admissions at a plea hearing to show that the plea was involuntary, **Nguyen**, 114 F.3d at 703. Petitioner's allegation fails to carry this burden. Additionally, the Court notes that Petitioner had pled guilty twice before, had a high school education, and was likely aware of the consequences and weight of his sworn statements to the court. Nor does he contest that he was scheduled to begin trial that day on both cases.

In order to prevail on his claim, Petitioner must also establish that he would have insisted on going to trial but for trial counsel's allegedly erroneous advice. Petitioner told the court that he hoped by pleading guilty without negotiations or a recommendation that he would receive less of a sentence than the thirty years the State offered. His hope was realized.

Accordingly, for the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Ronnie Boone be **DENIED** without further proceedings.

The parties are advised that they have **up to and including November 18, 2008**, by which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of November, 2008.