```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION


RONNIE BOONE,                     )
                                  )
            Petitioner,            )
                                  )
      vs.                          )    No. 4:06CV502-DJS
                                  )
JAMES PURKETT,                    )
                                  )
            Respondent.            )
```

<u>ORDER</u>

This matter is before the Court on the report and recommendation of the United States magistrate judge [Doc. #9], recommending denial of the instant petition for writ of habeas corpus brought pursuant to 28 U.S.C. §2254, and petitioner Ronnie Boone's response thereto [Doc. #10]. Pursuant to 28 U.S.C. §636, the Court will conduct a de novo review of those portions of the report and recommendation to which specific objections are made.

In July of 2003, petitioner was indicted in Case No. 03CR-3084 in St. Louis County, Missouri, with twelve felonies: one count of unlawful use of a weapon; two counts of felonious restraint; two counts of first degree robbery; one count of second degree robbery; one count of sexual abuse; one count of kidnaping; three counts of armed criminal action; and one count of escape from custody.

The next month, petitioner was indicted in Case No. 03CR-3723 in St. Louis County, Missouri, for one felony, second

degree robbery, and two misdemeanors, resisting arrest and third degree assault. In September, an additional charge of being a persistent offender was added to the first case.

After being continued three times, trial in both cases was set for July 12, 2004. The morning of trial, petitioner changed his plea to guilty to all charges. His was an Alford plea and was not pursuant to any plea negotiations. See Doc. #9, pp. 1-2. The record demonstrates that the trial court inquired extensively into petitioner's satisfaction with his attorney's performance and his understanding of the rights he was waiving by pleading guilty in both cases.

Petitioner filed his current petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 23, 2006. In his petition, he argues that he was denied the effective assistance of counsel when his counsel incorrectly advised him that he could not plead guilty only to the offenses charged in Case No. 03CR-3723, which led to him pleading guilty to all charges in both cases. The magistrate judge issued his report and recommendation on November 7, 2008, in which he analyzes petitioner's request for relief, and recommends that petitioner's writ of habeas corpus be denied.

On November 17, 2008, petitioner filed a response to the magistrate judge's report and recommendation. Petitioner does not object to any of the magistrate judge's factual findings, and does not suggest that the magistrate judge erred in his assessment of the law. Rather, petitioner states that his petition was filed

2

"with all honesty, so there is nothing I can add or change." Petitioner then restates the factual circumstances surrounding his plea, which he again argues constitutes ineffective assistance of counsel. Finally, petitioner reasserts his claim of innocence to some of the charges to which he pled guilty. Doc. #10, pp. 1-3.

As stated above, pursuant to 28 U.S.C. §636(b)(1), the Court gives de novo consideration to those portions of the report and recommendation to which objections are made. In order to trigger such review, however, the objections must be sufficiently specific, addressing particular findings or conclusions of the magistrate judge or asserting specific allegations of error. See, e.g., Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

The Court notes that petitioner does not specifically state any objections to the magistrate judge's report and recommendation. Rather, petitioner generally restates his previous contention that his trial counsel was ineffective, and reaffirms his innocence to some of the charges to which he pled guilty. Accordingly, the Court finds that petitioner fails to address

3

particular findings or conclusions of the magistrate judge, and fails to assert specific allegations of error.

The Court has reviewed the record in this case, the magistrate judge's report and recommendation, and petitioner's response thereto. The Court finds that the report and recommendation sets forth a very thorough and correct analysis of the issues raised in the petition. Petitioner's response to the report and recommendation is without merit and is denied in its entirety, and the Court will adopt the report and recommendation of the magistrate judge. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #10] are overruled.

**IT IS FURTHER ORDERED** that the magistrate judge's report and recommendation [Doc. #9] is hereby accepted and adopted.

**IT IS FURTHER ORDERED** that the petition of Ronnie Boone for a writ of habeas corpus under 28 U.S.C. §2254 [Doc. #2] is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

Dated this __20th__ day of November, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE